

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Leroy L. Moore
County Attorney
Houston County
Crockett, Texas

Dear Sir:

Opinion No. 5399

Re: Whether the Butler Memorial
Hospital, Inc., be exempt
from taxes on its real and
personal property on the
grounds of being a charitable
institution.

Your letter of recent date requesting the opinion of
this department regarding the above stated subject reads in
part as follows:

"Please do me a personal favor by going to the
Secretary of State and looking at the charter
issued to Dr. C. W. Butler, Jr., Allie Maude
Butler and Charlie Frank Butler of Crockett,
Incorporators, of the Butler Memorial Hospital
of Crockett, Texas. The Secretary of State ad-
vises me that on November 17, 1942 the Butler
Memorial Hospital was incorporated under the
Laws of Texas with no capital stock. He also
advises me that this corporation is exempt from
the State Franchise Tax. I would like for you
to give me an opinion for the Commissioners' Court
of Houston County as to whether this Institution
which was incorporated as a "purely Benevolent,
Charitable and Educational, and not for financial
gain," is exempt from State and County Taxes other
than State Franchise Tax. In other words, the
Commissioners' Court has assessed the property for
taxes and desires to collect the taxes on the prop-
erty if not exempt as such Charitable Institution.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Leroy L. Moore, page 2

"You will remember when I was in Austin last
week, you had copies of the opinion on Benev-
elent and Charitable Institutions sent me and
I have these opinions. Not knowing under what
Statute this Institution was chartered, I am
unable to determine whether this Butler Memorial
Hospital is tax exempt. Would thank you to fur-
nish me this opinion at your earliest convenience."

Article 8, Section 2 of the State Constitution pro-
vides that "the Legislature may by general laws exempt from
taxation . . . institutions of purely public charity; and
all laws exempting property from taxation other than the above
mentioned shall be null and void."

Section 7 of Article 7150, Vernons Annotated Civil
Statutes, was enacted in pursuance to the above constitutional
provision, and reads as follows:

"7. Public charities. All buildings be-
longing to institutions of purely public char-
ity, together with the lands belonging to and
occupied by such institutions not leased or
otherwise used with a view to profit, unless such
rents and profits and all moneys and credits are
appropriated by such institutions solely to sus-
tain such institutions and for the benefit of the
sick and disabled members and their families, and
the burial of the same, or for the maintenance of
persons when unable to provide for themselves,
whether such persons are members of such institu-
tions or not. An institution of purely public
charity under this article is one which dispenses
its aid to its members and others in sickness or
distress, or at death, without regard to poverty
or riches of the recipitent, also when the funds,
property and assets of such institutions are
placed and bound by its laws to relieve, aid and
administer in any way to the relief of its mem-
bers when in want, sickness and distress, and pro-
vide homes for its helpless and dependent members

Honorable Leroy L. Moore, page 3

and to educate and maintain the orphans of its deceased members or other persons."

The Butler Memorial Hospital has no capital stock and its charter contains the following recitals, among others:

"Section 2. The purposes for which this corporation is formed are purely benevolent, charitable, and educational, and not for financial gain, and no financial gain shall ever accrue to any member of this corporation, nor any other person or institution in the conduct of the same, but any receipts of this corporation in excess of the expense of erection and maintenance of said institution or institutions provided for herein shall be applied by the Directors to the care of charity patients, and to the equipment and enlargement of said institutions, to carry out the purposes of its organization and operation, as they in their judgment may deem wise. It is organized to acquire or erect, and to equip, conduct and maintain, on the broadest humanitarian principals, a hospital or hospitals, and school or schools for nurses, to care for the sick and injured, and to educate and train persons in the care of the sick and injured, issuing to such persons diplomas upon graduation, and erecting and conducting such hospital or hospitals, school or schools, or other institutions as may be necessary or desirable to carry out all of the said purposes. In order that only competent, legal, skilled, and reputable physicians and surgeons shall practice, operate and/or treat patients in the Hospital, or Hospitals, or other institutions owned, controlled and/or conducted by this corporation, the Board of Directors shall have full and plenary powers to elect and select, in the manner such Board of Directors may deem best, the physicians and/or surgeons who shall be permitted to so practice, and to prescribe and promulgate laws, rules, and regulations for the government of such hospital, hospitals, or other institutions, and of such physicians, surgeons, and of the patients, nurses, officers, visitors, employees,

Honorable Leroy L. Moore, page 4

and others therein or connected therewith.
The Directors shall have all authority and
powers conferred upon Directors, by law, and
such other authority and power as is usually
held by directors of similar corporations."

If the Butler Hospital is an institution of purely
public charity within the meaning of Article 8, Section 2 of the
State Constitution, and Subdivision 7 of Article 7051, Vernon's
Annotated Civil Statutes, the real estate belonging to said
hospital would be tax exempt. (See the cases of Santa Rosa
Infirmary v. City of San Antonio, 259 S. W. 926; Fire Associa-
tion of Philadelphia v. Love, 108 S. W. 158, 810; Benevolent
and P. O. E. Lodge v. City of Houston, 44 S. W. (2d) 488;
Masonic Temple Association v. Amarillo Independent School
District, 14 S. W. (2d) 128; City of Palestine v. Missouri
Pacific Land Hospital Association, 99 S. W. (2d) 311; Scott
v. All Saints Hospital, 203 S. W. 146; State v. Seddegast, 227
S. W. 253)

Whether the Butler Memorial Hospital is an institu-
tion of purely public charity within the meaning of Article 8,
Section 2 of the State Constitution, and Subdivision 7 of Article
7051, Vernon's Annotated Civil Statutes, is a fact question which
we cannot determine. If, as above stated, said hospital is an
institution of purely public charity within the meaning of the
Constitution and Statutes, then the real estate belonging to
said hospital would be tax exempt. However, on the other hand,
if such hospital is not an institution of purely public charity
within the meaning of Article 8, Section 2 of the State Constitu-
tion, and Subdivision 7 of Article 7051, Vernon's Annotated Civil
Statutes, its real estate would not be tax exempt. It is our
opinion that the proper local authorities must determine from
the actually existing facts whether the Butler Memorial Hospital
is an institution of purely public charity, within the meaning
of the above mentioned provisions of the Constitution and Statutes.

With reference to the personal property belonging
to the Butler Memorial Hospital we direct your attention to our
Opinion No. O-5114, a copy of which is enclosed for your conven-
ience.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

AW:EP